

## ORDERED in the Southern District of Florida on November 3, 2015.

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re

Jani Marie Huhta aka Jani Marie Huhta-Bonzi

         CHAPTER  13
         CASE NO.  13-38872-RAM

  Debtor(s)
_____/

### AGREED ORDER GRANTING DEBTOR'S AMENDED MOTION TO VALUE COLLATERAL OF WELLS FARGO BANK AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY (DOC. NO. 122)

THIS CASE is before the Court on the Debtor's Amended Motion to Value Collateral of Wells Fargo Bank and Determine Secured Status of Lien on Real Property (Doc. No. 122) filed by the Debtor and the Response to the Motion (Doc. No. 119) filed by WELLS FARGO BANK. N.A. ("Creditor"). Based upon the assertions made in support of the Motion, having considered the record in this case, and being duly advised that the parties are in agreement, accordingly, it is:

ORDERED as follows:

1. The Debtor's Motion is granted as hereinafter set forth.

2. The value of the Debtor's real property (the "Real Property") located at 811 NE 119TH STREET, BISCAYNE PARK, FL 33161 more particularly described as

LOTS 22 AND 23, BLOCK 30, OF GRIFFING BISCAYNE PARK ESTATES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 15, AT PAGE 53, OF THE

PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA is $155,000.00 at the time of the filing of the Petition in this case.

3. Creditor has filed a Proof of Claim (Claim # 2-1) in this case. The Claim shall be classified as a secured claim in the amount of $155,000.00 and as an unsecured claim for the remainder, regardless of the original classification. The secured claim shall accrue interest at 5.25% and shall be re-amortized over a period of thirty (30) years (360 months). The Debtor shall remit monthly payments to Creditor in the amount of $1,253.76 per month (principal and interest payment in the amount of $855.92 and escrow payment in the amount of $397.84). The loan shall remain escrowed for taxes and insurance and the payment is subject to change due to future changes in taxes and insurance. The payments shall be made through the Chapter 13 Trustee. The first payment under this agreement shall commence on December 1, 2015.

4. The terms of this Order shall be binding on the Parties notwithstanding a dismissal of this Chapter 13 case and this Court shall retain jurisdiction to enforce the terms of this Order.

5. In the event of a dismissal, Debtor shall remit payments to Creditor directly and the payments shall come due on the 1st of each month.

6. As a condition precedent to the effectiveness of this Order, the Debtor shall timely make the first 6 payments under the terms of this Order. If the Debtor fails to timely make the first 6 payments under the terms of this Order, beginning with the December 2015 payment, the terms of this Order shall no longer be enforceable and the agreement is subject to be rescinded upon notice from Creditor to Counsel for the Debtor, notwithstanding paragraph 3 of this Order.

7. Upon disbursement of any funds currently held by the Chapter 13 Trustee which are earmarked for Claim # 2-1, Creditor shall accept said funds and apply said funds to the principal balance of the Note.

8. Notwithstanding the entry of a Chapter 13 Discharge in this case, Creditor shall retain a lien in the amount of $155,000.00 and in the event of a default in payments, Creditor is entitled to foreclose its lien on the Property. The lien will be deemed satisfied upon payment in

full of the secured Claim in the amount of $155,000.00, including interest and any advances for taxes and insurance.

9. In addition to the secured claim, Creditor holds an administrative expense claim in this case for certain postpetition advances for taxes and insurance associated with the Property amounting to $13,393.00.

10. The Debtor has agreed to reimburse Creditor for said advances directly outside of the Chapter 13 Plan. The Debtors shall reimburse Creditor for the administrative expense $13,393.00 within ten (10) days from the date of the entry of this Order by mailing a Cashier's Check made payable to Creditor. The Debtor shall indicate on the Check that the funds are for escrow advances. The Check shall be sent to Creditor at the following address:

**WELLS FARGO HOME MORTGAGE**

**One Home Campus X2302-041**

**Des Moines, IA  50306**

11. In the event the Debtor does not pay the amount set forth in paragraph 10 within 10 days from the entry of this Order, then Creditor shall have all of its remedies including its right to foreclose its mortgage on the subject Real Property.

12. Other than as amended by the terms of this Order, the terms of the mortgage instrument described in paragraph 2 shall remain in full force and effect. Nothing in this Order shall be deemed to work a Novation.

###

Prepared and Submitted By:
Matt Holtsinger
Florida Bar No. 092774
Kass Shuler, P.A.
1505 N. Florida Ave.
Tampa, FL  33602-2613
mholtsinger@kasslaw.com
812-229-0900

The foregoing is directed to serve copies of this Order upon the interested parties and file a Certificate of Service with this court.